Next case please. Good morning Your Honours. This case presents a question of law regarding statutory construction. The facts in this case are undisputed. Mr. Curtis fractured his right wrist at work September 1, 2000. He undergoes effusion with retained hardware. On January 25, 2005, arbitrator Williams enters a decision awarding 40% loss of use of the right hand and medical expenses. No appeals were taken and that decision becomes final. So therefore pursuant to the section 19H, claimant has 30 months from January 25, 2005 to request the commission to reopen the installment award. I mean, that's the general look of the statute, right? I would argue, Your Honour, this case is not about 19H. This case is about section 8. Nowhere in the Act is there a time limit on the availability of temporary total disability benefits. There are specific limits on compensation provided in section 8B-4. It is precisely within this area of section 8 that the prior 64-week limitation existed prior to July 1, 1975. This is removed by the legislature with the intention that TTD benefits be available without time limit. My opponent agrees there is no time limit present in section 8A. Likewise, there's no such time limit present in section 8B. What section did you proceed under? I proceeded under sections 8A and sections 8B, Judge. Justice, I apologize. While we initially did file a motion pursuant to section 8A in a penalties petition, we amend that motion on its face at the hearing before Commissioner Sherman on February 11, 2010. We state that we are proceeding under both sections 8A and section 8B. Does 8A, does that govern TTD or does it govern medical expenses? 8A governs medical expenses. Yes, Justice. I can argue that 19H does not apply to TTD benefits for a number of reasons. Do you have any case authority to support that position? I do. The Howard case tells us that the purpose of 19H is to determine whether physical or mental disability has changed. Temporary total incapacity cannot change in this manner. It cannot increase. It cannot diminish. It can only begin or end. The disability, the term disability as used in 19H refers to permanency. This interpretation of the word disability is supported by the X case. It's a commission opinion, but as the agency charged with administering the act, it is instructive on this issue. Well, you can't cite, you realize it's dangerous. Commission decisions have no bearing before this court whatsoever. But the case law does tell us that it is instructive as interpretation of the legislative intent behind the statute. I think it is important and I think it should have been addressed by the lower courts in this case. We don't give it any presidential value. Just so you know, in the real world, that's where it amounts to. I think I just want it to stand for the proposition that this interpretation is out there, that I'm not the only one that thinks this way. I think more importantly, 19H doesn't apply to TTD benefits because of the definition of installment. If you look at 19H, it applies to compensation paid in installments. If you look at the dictionary definition of installments in both Merriam-Webster and the Oxford Dictionary, an installment is a sum or a debt that's broken into parts and then paid at intervals. The sum of TTD cannot be readily calculated during a period of incapacity. There's not some big final sum that we're breaking up into installment intervals to be paid. Temporary total disability is just simply not an installment benefit. Let me ask you this. You're making a novel argument. While Section 8 may not contain a specific time limit for petitioning for additional benefits, the plain language of 19B does. So if we adopt your position, we'd be rendering meaningless the 30-month limitation period in 19H as it relates to TTD benefits, wouldn't we? What would be the point of having that in there if you could always reopen the case? I'm sorry, Justice. I think I misunderstood the question. I apologize. Clearly, under 19H, there's a 30-month limitation period, correct? As it applies to permanency, mental, and physical disability. That's your interpretation. But, again, you have no cases that say that. Correct? I think if you look at the Howard case that says the purpose is to determine a change in physical or mental disability. If I get back to the argument on installments, a permanent partial disability award is exactly what an installment award is. It's based on a final sum. It's based on a percentage loss of use as a whole that's then broken down into weekly installments and paid as compensation accrues. You don't have that with TTD benefits. You don't have that final sum that's broken down. So, for this reason, I'm arguing that the language of Section 19H as it relates to application to installment awards does not apply to temporary total disability benefits. Now, these temporary total disability benefits were occasioned by what? I'm sorry? What gave you the right to additional temporary total disability benefits, according to your theory? The claimant in this case had retained hardware in his wrist from a fusion surgery. The hardware in his wrist becomes unstable. He necessitates a surgery to remove this hardware from his wrist. There's no dispute that that's causally related. The respondent, Village of Lansing, pays for this medical treatment, agrees that he was unable to work as a result of that surgery for 18 weeks following surgery. My argument is that he has proven, under world color and poor, that his condition has destabilized, it required more treatment, and as a result he was temporarily totally incapacitated from work. To find that someone is... For how long? For the 18 weeks? For the 18 weeks. Right. That's agreed to by my opponent. To find that while he's undergoing this compensable medical treatment that he has a right to under Section 8A, but yet not entitled to temporary total disability benefits while undergoing it, I think is absurd and unjust in this case. These interpretive canons of statutory interpretation are appropriate here. I do not agree that 19H is unambiguous. If it were, this honorable court would not have considered these interpretive canons regarding legislative intent when they decided world color and poor. The purpose of the act was examined in both of those cases. I also respectfully disagree with my opponent that somewhere in these cases it says that temporary total disability is only compensable where 19H is filed. Nowhere in world color or poor does the court come out and say this. Specifically... Sorry. Specifically in world color, this court states that the commission increased permanent partial disability benefits pursuant to Section 19H, and temporary total disability benefits pursuant to Section 8B. In world color, it states that TTD was awarded pursuant to Section 8B, not Section 19H. And that is specifically in this appellate court decision in the world color case. Can you quote the case where it says that? Sure. I have it open here. I thought I had it on the correct page here. Because it appears ostensibly in world color holds that TTD benefits are available pursuant to Section 19A. Okay. So I have this on page... I think this would be considered... On the northeast second citation, it's page 161. And what does it say about TTD benefits? The industrial commission increased Young's permanent partial disability award to 50% pursuant to Section 19H, and awarded 57 and four-sevenths weeks of temporary total disability benefits pursuant to Section 8B. So you're saying world color holds that TTD benefits are not available pursuant to 19H? Is that what it says? I'm saying that world color awards the TTD pursuant to Section 8B. That it had nothing to do with the fact that a 19H was on file. But is it your position you can't get TTD under 19H? Is that your position? My position is that the time limit of 19H does not apply to temporary total disability benefits. I do not believe you have to have a 19H filed in order to get temporary total disability benefits. And you did not proceed under 19H, did you? I did not. The time limit for 19H had expired. I'm not arguing any increased permanency in this matter, because there is no right to that in this case. Your position is that in the event that a worker with open medical... Correct. Requires medical... Correct. And that medical treatment renders him temporarily totally disabled. He's also entitled to recover for the TTD. That is my argument, Judge. And the reason that's my argument is because I think it would frustrate the purposes of the Act to allow that medical treatment to occur without temporary total disability benefits. Why should a claimant end up on the welfare rolls while he's undergoing this medical, this undisputed causally related medical treatment? He could be, in this case, yes, it's 18 weeks. He could have, you could have a case with a back surgery effusion. You could have someone off for two years. And they're going to end up on what? It renders the 8A provision with open medical completely moot, because who could undergo ongoing treatment if they cannot be financially protected, which is the sole purpose of the Workers' Compensation Act. And that's exactly what the legislative history tells us when the time limitation of 64 weeks was removed back in 1975. The Supreme Court tells us time and time again, and Shell Oil and O'Brien and Employers Mutual all cited in my reply, that the financial burden of medical treatment should be borne by the employer. Temporary total disability while undergoing this medical treatment is part of that financial burden. It's for these reasons that I would respectfully request that you look to the liberal, to interpret the Act liberally to effectuate this purpose and provide financial protection for a worker who does need to undergo this medical treatment. I would request that you reverse the decision of the Illinois Workers' Compensation Commission and the Circuit Court and award Mr. Curtis his 18 weeks of temporary total disability benefits. Thank you, Counsel. Thank you. Counsel, you may respond. Thank you, Your Honor. Please, the Court. Counsel, I'm Gregory Ahern. I represent the village of Lansing. After a case is tried, people have a couple of rights left open. One, you have 8A rights left open for life. And that's for medical expenses. That's for medical expense only. Not TTD. Not TTD. You also have your 19- And this issue hasn't been decided is what it boils down to. Well, there was a case, I think, in the 50s that decided to left medical open. Well, but I'm saying the issue about the TTD, there's just no case law on it. Well, there's lots of cases in the sense that you can't get TTD unless you have a 19-H petition. The only cases where TTD awarded in the Appellate Court of the Supreme Court after the 30 months is- Is there a case that says that you can't get TTD after the 19-H period? They've never awarded it. Is there a case that says no? Nobody's ever filed it before that I'm aware of past that time limit. In fact, this is probably a case of first impression in every area. Because there are no cases, but there are numerous cases where you only award permanency, TTD, if there is a 19-H present, a valid 19-H, and then they refer back to Section 8B or whatever the section is that awards TT. But the only thing after the 30 months, or I think they changed it to 60 months under wage differentials now, is the 8A rights. What counsel is really arguing is basically it's unfair. It's unfair to do this. Well, it may be unfair. There's a lot of things unfair. So a remedy is to the legislature, not us? Right. I mean, this is a creature of statute. And they say what they're going to award, what they don't award. People can disagree. It used to be 60 weeks for a skull fracture. Now it's six. You know, they write man as a whole. They do all different things. In her brief, she lists all these different amendments. Well, how did it become that there's such a thing as open medical? I believe it was a case in the 1950s. The legislature didn't have to make a change for that, did they? No, they didn't. They said you're entitled to it, and the court interpreted that that means you get it whenever you need it. Right. But they also, that did not apply to Section 19H, which went to specific payments. Permanency is weeks. TTD, if nothing else, is weeks. It's a week. You get X numbers of dollars a week for whatever the length of the disability is, whether it's 18 weeks or 200 weeks. You know, that's what it covers. That, I think, is the difference. 8A, there was nothing. 19H, there is something. It's been interpreted that way. And there are no cases that award TT after a non-violent. In any event, the commission took the position that 8A clearly governs medical expenses, not TTD benefits. And the commission held there's no provision in 8A that provides for the relief claimant request, correct? Correct. That was the commission's decision. Correct. Now, whether or not that's correct or not will ultimately be up for us to decide. That is correct also. Petition that was filed was only in 8A. Counsel, during arguments and during the briefs, now just refers to Section 8, dropping the A's, B's, C's, D's, E's, and F's, or whatever the number of sections there are, assuming so you can make this all one big happy family. It's just not. You have an 8A medical and you have 19H. If you want to increase permanency, decrease permanency, increase TT, decrease it, that's where you get it. And that's limited. And they have changed it over the years. Not recently. I would request that the decision be affirmed in its entirety. Thank you. Thank you, Counsel. Counsel, you may reply. I just want to make sure that it is very clear to the court that we did proceed under both Sections 8A and 8B. I do think it was improper for the commission to render its decision just denying an 8A petition and not even considering any petition pursuant to Section 8B. Justice, you did raise the point that the commission just looked at it and said, we're denying your 8A petition. And that's not what was on file. What was the relief sought solely under 8A was not what this was filed as. I also. You amended it, didn't you? We amended it on its face with no objection by counsel. So 8B is there. And the commission completely ignored that fact in their decision. And I also think that was error on their part as well. Finally, I just want to, again, look back at my argument that 19H applies to installment awards. And TTD is not an installment award. When it is awarded in a decision, it's for back TTD. It's for a period of time that has already accrued. So when an arbitrator awards a period of TTD benefits in a decision, it's a lump sum. It's already accrued. It's not paid in any installments. There is no situation where an arbitrator is going to award temporary total disability in installment payments. That time period is already accrued. It's going to be paid out as a lump sum. It's not an installment benefit. And it's not subject to 19H. How do you respond to the question from the bench that perhaps this is a question for the legislature, not for the court? Because I think that this court is charged with interpreting the legislative intent behind this. And I think that if you look towards the legislative intent in removing time limitations with regards to TTD and the language that is actually used that's been interpreted by this court to refer to physical and mental disability permanency, that that is your purview. You mean TTD in open medical awards? I'm sorry? TTD in open medical award situations? Yes. That's what you have here? Yeah. Okay. Thank you. Thank you, counsel. Thank you, both counsel, for your fine arguments. This matter will be taken under advisement. A written disposition shall issue.